IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        Case No. 07-10193-JTM

NORMAN M. WHEELER,

    Defendant.

MEMORANDUM AND ORDER

Norman M. Wheeler, brings a pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 35). Mr. Wheeler presents two grounds for relief. First, he argues the court should reduce his sentence under 18 U.S.C. § 3582(c)(2), which allows for sentence reductions when the applicable sentencing guideline has been subsequently lowered. But the court does not have authority to grant a reduction because Mr. Wheeler was sentenced under a mandatory minimum. Second, Mr. Wheeler argues that imposition of the old crack cocaine sentencing scheme violates the Eighth Amendment's prohibition against cruel and unusual punishment in light of the Supreme Court's decision in *Graham v. Florida*. This court is bound by precedent to deny Mr. Wheeler's Eighth Amendment challenge.

**I.    Background**

On April 22, 2008, Mr. Wheeler pled guilty to one count of possession of 12.72 grams of cocaine base (crack cocaine) with intent to distribute under 21 U.S.C. § 841(a)(1). (Dkt. No. 31). Under the version of 21 U.S.C. § 841(b)(1)(B) in place at the time, Mr. Wheeler received a mandatory five-year sentence for possession of more than five grams of crack cocaine with intent to distribute and received an additional mandatory five years because he had previously

been convicted of a drug felony. (Dkt. No. 34). On January 11, 2012, he filed the current Motion.

There have been substantial changes to crack cocaine sentencing since Mr. Wheeler pled guilty and was sentenced. In response to widespread criticism over the disparity between sentences for possession of crack and powder cocaine, Congress enacted the Fair Sentencing Act. *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012). The FSA increased the amount of crack needed to trigger a five-year mandatory minimum from five grams to 28 grams and went into effect August 3, 2010. *Id*. The FSA also instructed the Sentencing Commission to alter the sentencing guidelines to match the new mandatory minimums. *Id*. The Sentencing Commission correspondingly amended the sentencing guidelines, which went into effect November 1, 2010. *Id*. A permanent version of these guideline changes (Amendment 750) took effect November 1, 2011. *Id*. A subsequent amendment made Amendment 750 apply retroactively, allowing defendants sentenced under the guidelines to move for reductions under 18 U.S.C. § 3582(c)(2). *United States v. Osborn*, 679 F.3d 1193, 1194-95 (10th Cir. 2012). However, Congress did not retroactively apply these changes to the mandatory minimums. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010).

## II.    Analysis

Because Mr. Wheeler proceeds pro se, the court construes his pleadings liberally. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

### A.    Sentence Reduction Under Changes to the Sentencing Guidelines

Mr. Wheeler moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2), which

allows for a reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." Mr. Wheeler specifically cites Amendment 750. However, U.S.S.G. § 5G 1.1(b) provides "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Similarly, U.S.S.G. § 1B1.10, cmt. n.1 (2011) states "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." It is clear 18 U.S.C. § 3582(c)(2) does not reduce sentences for individuals serving mandatory minimums.

According to Mr. Wheeler's Petition to Enter a Plea of Guilty, he was informed that pleading guilty could subject him to a mandatory sentence of not less than 10 years and a mandatory term of supervised release of 8 years. (Dkt. No. 30). Mr. Wheeler's Plea Agreement did not mention the term "mandatory minimum" but it did cite to the statute that includes the mandatory minimum. It also provided the factual basis for the crime and listed Mr. Wheeler's previous drug felonies, which were relevant in calculating his mandatory sentence. (Dkt. No. 31). It is clear that Mr. Wheeler was subject to a mandatory minimum and was sentenced under the guidelines. Applying § 5G1.1(b) and § 1B1.10, cmt. n.1 of the Sentencing Guidelines, Mr. Wheeler is not eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2), and this court is without jurisdiction to grant such a reduction. *See United States v. Curtis*, 252 F. App'x 886, 887 (10th Cir. 2007).

    B.    *Sentence Reduction Under the FSA Changes to Mandatory Minimums*

At the time of Mr. Wheeler's sentencing, it took five grams of crack cocaine to trigger

the 60 month statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii). *Dorsey*, 132 S. Ct. at 2329. The FSA went into effect August 3, 2010, and raised the amount required to trigger the 60 month mandatory minimum to 28 grams. *Id*. But Congress did not apply the new mandatory minimums contained within the FSA to those sentenced before August 3, 2010. *See United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010).[1]

Here, the court sentenced Mr. Wheeler under the mandatory minimum for crack cocaine before the FSA went into effect. At the time of his sentencing, the applicable statute mandated he spend 60 months in prison for the crack possession and an additional 60 months because of a previous drug felony. According to *Reed* and *Lewis*, the FSA does not apply retroactively to individuals sentenced before its enactment. Consequently, Mr. Wheeler is unable to receive a reduction in sentence according to the changes to the mandatory minimums within the FSA.

### C. *Eighth Amendment Claim*

Relying on the Supreme Court's ruling in *Graham v. Florida*, 130 S. Ct. 2011 (2010), Mr. Wheeler also argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. In *Graham*, the Supreme Court held that the Eighth Amendment prohibits imposition of life sentences without the possibility of parole for minors who are convicted of non-homicide crimes. 130 S. Ct. at 2034. In reaching this conclusion, the Supreme Court summarized Eighth Amendment principles and emphasized that determinations must be made in connection to "evolving standards of decency that mark the progress of a maturing society." *Id*. at 2021 (citations omitted).

---

[1] *Dorsey* recently amended these rulings to impose the more lenient FSA sentences on offenders whose crimes preceded the effective date of the FSA but were sentenced after it went into effect.

The Supreme Court divides its Eighth Amendment precedent concerning the proportionality of sentence challenges into two broad categories – (1) challenges to the length of term-of-years sentences under specific circumstances and (2) challenges to establish certain categorical restrictions on the death penalty. *Id*. (The result of *Graham* was actually to expand the latter category to include challenges to life sentences by minors). Mr. Wheeler challenges his sentence under the second type of analysis on behalf of those sentenced for possession of more than five grams but less than 280 grams under the old crack cocaine sentencing scheme. (Dkt. No. 35).

The Supreme Court provides a two-part test for whether a category of sentences (such as the one Mr. Wheeler challenges) violates the Eighth Amendment. First, "[t]he analysis begins with objective indicia of national consensus. The clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures." *Id.* at 2023 (citations omitted). Second, "the Court must determine in the exercise of its own independent judgment whether the punishment in question violates the Constitution." *Id*. at 2022. Regarding this judgment the court must "consider culpability of the offenders at issue in light of their crimes and characteristics, along with the severity of punishment in question" and whether the challenged sentencing practice serves legitimate penological goals – retribution, deterrence, incapacitation, and rehabilitation. *Id*. at 2026, 2028. The Supreme Court in *Graham* concluded that these four penological goals do not justify life sentences without the possibility of parole for juveniles that commit non-homicide crimes. *Id*. at 2034.

Mr. Wheeler identifies substantial evidence to suggest his sentence is contrary to the "objective indicia of national consensus" especially concerning legislative enactments. Congress spoke decisively and negatively regarding its opinion of the old mandatory minimums when it amended them significantly downward for future offenders and chose to title the FSA: "An Act

To Restore Fairness to Federal Cocaine Sentencing" in 2010. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The U.S. Sentencing Commission has also consistently disapproved of the old crack sentencing scheme. The Supreme Court recently described the Commission's recommendations:

> During the next two decades, the Commission and others in the law enforcement community strongly criticized Congress' decision to set the crack-to-powder mandatory minimum ratio at 100–to–1. The Commission issued four separate reports telling Congress that the ratio was too high and unjustified because, for example, research showed the relative harm between crack and powder cocaine less severe than 100–to–1, because sentences embodying that ratio could not achieve the Sentencing Reform Act's "uniformity" goal of treating like offenders alike, because they could not achieve the "proportionality" goal of treating different offenders (e.g., major drug traffickers and low-level dealers) differently, and because the public had come to understand sentences embodying the 100–to–1 ratio as reflecting unjustified race-based differences. The Commission also asked Congress for new legislation embodying a lower crack-to-powder ratio.

*Dorsey*, 132 S. Ct. at 2328-29 (citations omitted). The "objective indicia of national consensus" seems to speak decisively in favor of Mr. Wheeler.

According to *Graham*, the court must next make an independent judicial determination considering the offender and his crimes in addition to the severity of punishment. This analysis involves determining whether the classification of sentence at issue advances legitimate penological goals. Unlike the defendant in *Graham*, Mr. Wheeler was an adult when he committed his crime. He received a much less severe penalty than a life sentence and a much less severe penalty than many others charged with possession of similar amounts of crack cocaine. Even so, Mr. Wheeler's sentence does not seem to advance legitimate penological goals. Regarding retribution, incapacitation, and rehabilitation, Congress and the Sentencing Commission have decided that the old mandatory minimums were disproportionate to the nature of the offenses. Additionally, enforcement of Mr. Wheeler's sentence will not serve a deterrent effect on others who might commit similar crimes because they would not be subject to similar

penalties under the FSA.

Nevertheless, while *Graham* might suggest a potential Eighth Amendment violation, this court is bound by precedent to rule otherwise. The Tenth Circuit and the Supreme Court have repeatedly decided that harsh sentences for possession of crack cocaine with intent to distribute do not violate the Eight Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 961 (1991); *United States v. Yeley-Davis*, 632 F.3d 673, 682 (10th Cir. 2011), *cert. denied*, 131 S. Ct. 2172 (2011); *United States v. Goodwin*, 433 F. App'x 636, 642-43 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 565 (2011); *United States v. Williams*, 576 F.3d 1149, 1165 (10th Cir. 2009) (rejecting an Eighth Amendment challenge to a concurrent life sentence imposed for two cocaine convictions).

Additionally, the Supreme Court has recently clarified its ruling in *Graham* to indicate that its holding is narrower than Mr. Wheeler suggests. In establishing why neither a subsequent juvenile sentencing issue nor the juvenile sentencing issue in *Graham* conflicted with the Supreme Court's decision in *Harmelin*, the court recently commented, "*Harmelin* had nothing to do with children and did not purport to apply its holding to the sentencing of juvenile offenders. We have by now held on multiple occasions that a sentencing rule permissible for adults may not be so for children." *Miller v. Alabama*, 132 S. Ct. 2455, 2470 (2012). Accordingly, Mr. Wheeler's Eighth Amendment claim fails.

IT IS ACCORDINGLY ORDERED this 24th day of August 2012, that Mr. Wheeler's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(2) is denied.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE